# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Northrop Grumman Corporation | ) ASBCA No. 57625 |
| | ) |
| Under Contract No. N68936-05-C-0059 | ) |

APPEARANCES FOR THE APPELLANT:         Stephen J. McBrady, Esq.
                                                             Terry L. Albertson, Esq.
                                                             J. Catherine Kunz, Esq.
                                                              Crowell & Moring LLP
                                                              Washington, DC

APPEARANCES FOR THE GOVERNMENT:    E. Michael Chiaparas, Esq.
                                                             DCMA Chief Trial Attorney
                                                              Robert L. Duecaster, Esq.
                                                              Trial Attorney
                                                              Defense Contract Management Agency
                                                              Chantilly, VA

## OPINION BY ADMINISTRATIVE JUDGE DELMAN ON APPELLANT'S MOTION FOR RECONSIDERATION

Northrop Grumman Corporation (appellant or NGC) has filed a timely motion seeking reconsideration of our decision denying this appeal on entitlement. *Northrop Grumman Corp.*, ASBCA No. 57625, 14-1 BCA ¶ 35,501 (*NGC*). The government has filed in opposition to this motion. Familiarity with our decision is presumed.

In *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508 at 174,041, we recently stated the well settled law pertaining to the review of a motion for reconsideration:

> [The moving party] must demonstrate a compelling reason for the Board to modify its decision. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125. In determining whether a party has done so, we look to whether there is newly discovered evidence or whether there were mistakes in the decision's findings of fact, or errors of law. *Id.* Motions for reconsideration are not intended to provide a party with an occasion to reargue issues that were previously raised and denied. *WestWind*

*Technologies, Inc.,* ASBCA No. 57436, 11-2 BCA ¶ 34,859.

Applying these well established principles, we address appellant's motion below.

<u>Interpretation of FAR 31.205-6(o)(2), (o)(3)</u>

Appellant alleges error in the Board's interpretation of FAR 31.205-6(o)(2) and (o)(3) with respect to the allowablity of appellant's claimed costs, basically asserting the same arguments considered and rejected in the Board's decision. For example, appellant re-argues that under Section (o)(2) "a non-GAAP method could be used to calculate PRB costs, but the amount calculated in accordance with GAAP would serve as a ceiling on the amount that is allowable" (app. mot. at 3). The Board's decision specifically addressed and rejected this interpretation as unsupported by the plain language of the regulation. *NGC,* 14-1 BCA ¶ 35,501 at 174,023.

Appellant also expends considerable effort in its motion addressing what it did and did not acknowledge in its brief, arguing that while it did acknowledge that the DEFRA method it used to measure and assign the PRB costs did not comply with GAAP, it did not acknowledge that Section (o)(2) of the regulation required that PRB costs must be calculated in accordance with GAAP, that is, Section (o)(2) allows a contractor to use a non-GAAP method to calculate PRB cost. This argument was just another way of tendering the same interpretation above that the Board rejected as being inconsistent with the plain language of the regulation. Appellant's repetition of arguments in support of an interpretation that the Board has rejected is not a basis for reconsideration.

<u>Government Awareness of Use of DEFRA and "Assurances" of FAR Compliance</u>

Appellant alleges that the Board erred in failing to find that the government was aware of appellant's use of DEFRA, yet repeatedly and consistently notified appellant that there was no FAR noncompliance. Again, this contention was previously raised by appellant and rejected in the Board's decision. We stated that the government's written responses to appellant's Disclosure Statements did not represent or assure appellant that its DEFRA practice was FAR compliant. To the contrary, the government unequivocally put appellant on notice that its disclosed practices were <u>not</u> approved:

> *However, instances of noncompliance not detected during this review may be discovered during future review of your cost accounting practices. These disclosed practices shall*

2

*not by virtue of such disclosure be deemed proper,*
*approved or agreed to practices....* [Emphasis added]

*NGC*, 14-1 BCA ¶ 35,501 at 174,019. Appellant has established no basis for reconsideration.

## The GAO Review of 2002

Appellant contends that the Board erred by failing to accord appropriate weight to the 2002 GAO Review. The Board addressed the GAO Review in its decision, finding that it was entitled to "little, if any, weight with respect to the allowability of the costs in issue under the FAR." *NGC*, 14-1 BCA ¶ 35,501 at 174,023. A party's disagreement with the Board as to the weight accorded the evidence is not an appropriate ground for reconsideration. *J.F. Taylor, Inc.*, ASBCA Nos. 56105, 56322, 12-2 BCA ¶ 35,125 at 172,454.

## Course of Dealing

Appellant contends that the Board erred in failing to find a "course of dealing" between the parties in support of the appellant's FAR interpretation (app. mot. at 12).

The Board denied any course of dealing, and the record supports this conclusion. The record shows that neither the DCE nor the DCAA manifested any agreement with appellant that its use of DEFRA to measure and assign PRB costs and that its PRB funding practices were FAR compliant. Rather, as stated above, the DCE clearly advised appellant that its disclosures in its Disclosure Statements, e.g., the use of DEFRA to measure its PRB costs, should not be viewed as a government approval of or agreement with such practices. The record is equally clear that the government did not, at any time, agree to accept or allow the unfunded prior year PRB costs which are the subject matter of appellant's claim.

Appellant has not established any error in the Board's decision.

## Claim of Estoppel Against the Government

Appellant acknowledges that we correctly cited the governing law at this Board with respect to a party's heavy burden to prove estoppel against the government, *SplashNote Systems, Inc.*, ASBCA No. 57403, 12-1 BCA ¶ 34,899 at 171,609, *recon. denied*, 12-1 BCA ¶ 35,003. Appellant argues that it met the *SplashNote* test, and the Board committed error by failing to so conclude.

3

As we stated in *SplashNote*:

> Equitable estoppel requires a showing of: 1) misleading conduct leading another to reasonably infer that rights will not be asserted against it; 2) reliance on this conduct; and 3) material prejudice as a result of this reliance. *Mabus v. General Dynamics C4 Systems, Inc.*, 633 F.3d 1356, 1359 (Fed. Cir. 2011). *When estoppel is asserted against the government, a showing of affirmative misconduct is required in addition to these elements. United Pacific Insurance Co. v. Roche*, 401 F.3d 1362, 1366 (Fed. Cir. 2005). [Emphasis added]

*SplashNote*, 12-1 BCA ¶ 34,899 at 171,609.

The Board's decision addressed the *SplashNote* criteria. Appellant has not persuaded us that the Board's analysis was in error.

We stated that "appellant has not shown any government misleading conduct with respect to the unfunded PRB costs in issue from which appellant could reasonably infer that the government would not assert its rights against appellant with respect to these costs." *NGC*, 14-1 BCA ¶ 35,501 at 174,023. The record supports this conclusion. The government did not misrepresent its position on the unfunded PRB costs claimed by appellant here.

With respect to appellant's use of DEFRA, appellant's constant refrain that the government made "repeated representations to NGC that its practices were compliant" (app. mot. at 13) and NGC relied upon "the Government's repeated approval of its practice" (*id.* at 15) and the government "repeatedly assured NGC that its practices were compliant" (*id.* at 18) is simply not supported by the record. Indeed, the reverse is true. As we stated above, the DCE placed appellant on notice that its disclosed practices were <u>not</u> approved. *NGC*, 14-1 BCA ¶ 35,501 at 174,019.

There is no evidence of misleading DCE conduct that would lead the contractor to reasonably infer that government rights would not be asserted against it. The Board did not err in concluding that appellant failed to meet the first prong of the *SplashNote* test.

Nor did the Board err in concluding that appellant failed to meet the last prong of the *SplashNote* test, that is, proof of government affirmative misconduct. As we stated in *RGW Communications, Inc., d/b/a Watson Cable Company*, ASBCA Nos. 54495, 54557, 05-2 BCA ¶ 32,972 at 163,335-36:

4

> [C]ourts that have addressed the affirmative misconduct element have applied a "demanding definition." ...In this instance, a showing of affirmative misconduct must overcome the presumption that the government has acted in good faith. That showing requires clear and convincing evidence....
>
> ...Even a false statement has been found not to constitute affirmative misconduct because the proponent of equitable estoppel had not shown a "deliberate lie" or a "pattern of false promises." [Citations omitted]

To support its claim of affirmative government misconduct, appellant alleges that the record establishes that government personnel who interacted with appellant, presumably the DCAA auditor and the DCE, "deliberately and consciously decided to conceal" from appellant (app. mot. at 14) their understanding of the regulation. Assuming, for argument's sake only, that such conduct would meet the requirement of affirmative government misconduct, the Board is not persuaded that the record supports appellant's allegation. While the DCAA auditor was aware of appellant's use of DEFRA in the 1990s, he did not question this methodology or the annual costs charged related thereto because appellant was not claiming costs in excess of those that were allowed under FAS 106 (tr. 2/9-10), which was consistent with FAR 31.201-2(c). *NGC*, 14-1 BCA ¶ 35,501 at 174,024. The DCE's communications to NGC, above, were not shown to be intentionally deceiving or a deliberate misstatement. *See DeMarco Durzo Development Co. v. United States*, 60 Fed. Cl. 632, 638 (2004) (dismissing count of complaint averring equitable estoppel against government that did not allege intentional deception or deliberate misstatement).

The record does not establish that the government was guilty of affirmative government misconduct. No Board error has been shown.

In a related vein, appellant argues that the government's "inaction" against appellant was "in violation of regulatory requirements to identify the noncompliance" pursuant in FAR 52.242-1, NOTICE OF INTENT TO DISALLOW COSTS (mot. at 15 n.16). We fail to see how this clause helps appellant. Section (b) expressly provides:

> (b) Failure to issue a notice under this Notice of Intent to Disallow Costs clause shall not affect the Government's rights to take exception to incurred costs.

We reiterate that appellant failed to meet the requirements of the *SplashNote* test for purposes of proving equitable estoppel against the government. Appellant has not established any error in the Board's decision in this respect.

## CONCLUSION

We have reconsidered our decision based upon appellant's motion and the arguments made therein. We conclude that appellant has failed to establish that our decision was in error. Our decision is affirmed.

Dated: 9 September 2014

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

REBA PAGE
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 57625, Appeal of Northrop Grumman Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6